IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACI OTTO and JOHN JUNKER, on behalf of themselves and similarly situated employees, | : : : | No. 4:06-CV-1186 Judge Jones |
| Plaintiffs, | : | |
| v. | : : | |
| POCONO HEALTH SYSTEM and POCONO MEDICAL CENTER, | : : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**October 27, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants' Pocono Health System and Pocono Medical Center (collectively "Defendants") Motion to Dismiss Plaintiffs' State Law Class Claim (doc. 10) filed on August 24, 2006.

For the reasons that follow, the Motion will be granted.

**PROCEDURAL HISTORY/FACTUAL BACKGROUND**:

Plaintiffs John Junker ("Junker") and Traci Otto ("Otto")(collectively "Plaintiffs"), former employees of Defendants, filed a complaint with this Court on June 12, 2006. (Rec. Doc. 1). The complaint alleges violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., the Pennsylvania Minimum

Wage Act ("PMWA"), 43 P.S. § 333.101 et seq., and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1, et seq.

As noted, Plaintiffs are former employees of Defendants.  While employed by Defendants, Plaintiffs primarily allege that Defendants paid them pursuant to a bi-weekly pay system, referred to as "8 and 80," which violates the FLSA and the PMWA because it fails to calculate overtime pay on a weekly basis.  "8 and 80" is a method of overtime compensation, under which health care providers pay employees for hours worked over eight (8) in a day and over eighty (80) hours in a 14-day pay period rather than paying employees based on a 40-hour work week.

On August 24, 2006, the Defendants filed the instant Motion and supporting brief, requesting this Court to dismiss the Plaintiff's state law class claim under the PMWA. (Rec. Docs. 10 and 11).  On September 7, 2007, the Plaintiffs filed a brief in opposition the Motion.  (Rec. Doc. 18).  On September 18, 2006, the Defendants filed a reply brief.  (Rec. Doc. 22).  The Motion is therefore ripe for our review.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for

the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

Section 216(b) of the FLSA expressly limits the scope of class actions for overtime pay by requiring putative collective action members to opt-in affirmatively to the action.  Pursuant to Section 216(b) "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and consent is filed in the court in which such action is brought."  On the other hand, in state law class actions brought in federal court pursuant to Fed. R. Civ. P. 23, prospective party plaintiffs must opt-out of the class upon notice of the action.  The essence of Defendants' Motion is that the two schemes are inherently incompatible, and accordingly the Plaintiffs' state law class claim should be dismissed.

Recently, several cases in the United States District Court for the District of New Jersey, our sister court in the Third Circuit, have held that Section 216(b) opt-in collective actions are incompatible with Rule 23 opt-out class actions.  In Moeck v. Gray Supply Corp., 2006 U.S. Dist. Lexis 511 (D.N.J., January 5, 2006), the court, in denying the plaintiffs' motion for class certification of the state claim, held that by allowing the plaintiff "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective ations."  Id. at *15-16 (citing McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004)(holding that allowing a plaintiff to certify an opt-out class in federal court would undermine Congress's intent when creating an opt-in procedure for Section 216(b) claims)).

Thereafter in Herring v. Hewitt Assoc., Inc., 2006 U.S. Dist. LEXIS 56189 (D. N.J. August 11, 2006), the district court granted the defendant's motion to dismiss the state law class action claim, citing Moeck, and holding that "Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claim in their own right and freeing employers from the burden of representative actions."  Herring, 2006 U.S. Dist. LEXIS 56189 at *5-6 (quoting Moeck, 2006 U.S. Dist. LEXIS 511 at *15).

Consistent with the rulings in Moeck and Herring, the United States District Court for the District of New Jersey also granted the defendant's motion to strike the state law class action in Himmelman v. Continental Casualty Co., 2006 U.S. Dist. LEXIS 56187, holding that a Rule 23 opt-out class action and a Section 216(b) opt-in collective action are "inherently incompatible." Id. at *5.

Although the referenced decisions and logic of our sister courts are not binding authority upon this Court, they do serve as persuasive authority for us in rendering our ruling.[1]  It is clear that Congress labored to create an opt-in scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge. To allow an Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement. To so hold would be contrary to the clear path being blazed by our sister district court as well as the direction taken by some of our sister circuits.[2]

Accordingly, for the foregoing reasons, we shall grant the Defendants'

---

[1] Particularly, we find ourselves guided by the District of New Jersey rulings in light of the fact that the Court of Appeals for the Third Circuit has not yet issued a ruling on this issue.

[2] See e.g., LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975)(footnote omitted)(stating that Section 216(b) and Rule 23 are "mutually exclusive and irreconcilable").

Motion (doc. 10) and dismiss the Plaintiffs' state law class action claim.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Dismiss Plaintiff's State Law Class Claim (doc. 10) is GRANTED.

2. Count II of the complaint is DISMISSED.

s/ John E. Jones III  
John E. Jones III  
United States District Judge